**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                          :
JOHN PEARSON,                             :
                                          :  Civil Action No. 09-2786 (FLW)
            Plaintiff,                    :
                                          :
            v.                            :          **MEMORANDUM**
                                          :          **OPINION**
DR. AGAWAR et al.,                        :
                                          :
            Defendants.                   :
_____:


        This matter comes before the Court upon submission of a
civil complaint and in forma pauperis application by plaintiff
John Pearson ("Pearson").  For the reasons stated below, Pearson
will be allowed to proceed in this matter in forma pauperis, and
this Court will direct the Clerk to: (a) file the complaint; and
(b) appoint pro bono counsel to represent Pearson in this matter.

**I.    BACKGROUND**

        **A.    Pearson's Written Submissions**

        On June 9, 2009, the Clerk received Pearson's in forma
pauperis application, together with Pearson's complaint.  See
Docket Entry No. 1.  The complaint was composed predominantly of
conclusory allegations stating that Defendant Dr. Agawar (who had
been employed, apparently, at the Mercer County Correctional
Center at the time when Pearson was an inmate at that facility)
"demonstrated indifference to plaintiff's serious medical needs."
See id.  However, the complaint includes one sentence that could

be construed as a factual allegation; that sentence reads, "Dr.
Agawar . . . failed to prescribe[] and monitor[] plaintiff's
seizure medication resulting in plaintiff being hospitalize[d]
for overdose."  Id. at 5.  In addition, the complaint asserts
that Pearson could not "read or write [and that he was] help[ed]
by another inmate [with respect to the task of] filling this
complaint."[1]  Id. at 4.

### B.    Statements Made at the Hearing

Since, in light of Pearson's assertion that he could not
read or write, it appeared futile to issue an order directing
Pearson to amend his pleadings (because, if truly illiterate,
Pearson was in no position to either read the Court's order
directing him to amend his pleadings or to produce an amended
complaint), the Court held a hearing on July 29, 2009, in order
to determine additional facts underlying Pearson's claims, as
well as Pearson's capacity to proceed in this matter without
assistance of counsel.[2]  See Docket Entry No. 6.

---

[1]  On June 19, 2009, the Clerk received another letter from
Pearson, the letter was formally requesting appointment of pro
bono counsel on the grounds of Pearson's illiteracy.  See Docket
Entry No. 2.

[2]  In light of Pearson's then-existing confinement, the
Court initially issued a writ of habeas corpus ad prosequendum on
July 8, 2009, and – upon the Marshal Services' inability to
produce Pearson on that date, re-issued the writ on July 22,
scheduling another hearing on July 29.  Although Pearson was
released from confinement on July 23, he appeared in the
courthouse for the July 29, 2009 hearing.

During the hearing, Pearson testified that he grew up in the city of Pearson (which is in Atkinson County, Georgia) and attended only the first five grades of school;[3] he averred that he had failed every class he took and dropped out of school after the fifth grade, being sixteen years old at that time.[4]

Addressing the substance of his claims, Pearson asserted that he has been taking seizure-controlling medication on a daily basis since he was sixteen, and that such medication – typically in dosage of 300 milligrams per day – has been prescribed to Pearson over the last years by medical practitioners at the St. Francis Medical Center.  Pearson also averred that he duly informed Defendant Dr. Agawar of: (a) his seizure-prone medical condition; and (b) the typical dosage of medication he was consuming.  Person asserted, however, that Dr. Agawar issued, over Pearson's repeated requests to prescribe him a 300-milligrams-per-day dosage, a stronger 400-milligrams-per-day prescription, which caused Pearson extreme fatigue and, eventually, hospitalization on the grounds of over-medication.

---

[3]  The Court's own research detected only two schools in the Atkinson County, i.e., Pearson Elementary School and Willacoochee Elementary School.  See <<http://www.education.com/schoolfinder/us/ga/district/atkinson-county-school-district/>>.

[4]  Pearson also testified that, during his period of confinement at the Mercer County Correctional Center, he duly informed his prison officials of his illiteracy, and the counsel representing Pearson in connection with the charges underlying Pearson's confinement was informed of the same.

**II.   PLEADING REQUIREMENTS**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  <u>See Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See</u> <u>id.</u>  Last year, addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed
> factual allegations, a plaintiff's obligation [is] to

>provide the 'grounds' of his 'entitle[ment] to relief'
>[by stating] more than labels and conclusions, and a
>formulaic recitation of the elements of a cause of
>action . . . ."  <u>Twombly</u>, 127 S. Ct. at 1964-65 . . .
>Rule 8 "requires a 'showing,' rather than a blanket
>assertion, of entitlement to relief."  <u>Id.</u> at 1965
>n.3. . . . "[T]he threshold requirement of Rule
>8(a)(2) [is] that the 'plain statement [must] possess
>enough heft to 'sho[w] that the pleader is entitled to
>relief.'"  <u>Id.</u> at 1966.  [Hence] "factual allegations
>must be enough to raise a right to relief above the
>speculative level."  <u>Id.</u> at 1965 & n.3. . . . [Indeed,
>it is not] sufficient to allege mere elements of a
>cause of action; instead "a complaint must allege
>facts suggestive of the proscribed conduct."  <u>Id.</u>

<u>Id.</u> at 230-34 (original brackets removed).

This pleading standard was further refined by the United States

Supreme Court in its recent decision <u>Ashcroft v. Iqbal</u>, 129 S.

Ct. 1937 (2009):

>[In any civil action, t]he pleading standard . . .
>demands more than an unadorned
>["]the-defendant-unlawfully-harmed-me["] accusation.
>[<u>Twombly</u>, 550 U.S.] at 555 . . . .  A pleading that
>offers "labels and conclusions" or "a formulaic
>recitation of the elements of a cause of action will
>not do." [<u>Id.</u>] at 555.  Nor does a complaint suffice
>if it tenders "naked assertion[s]" devoid of "further
>factual enhancement."  <u>Id.</u> at 557. . . . A claim has
>facial plausibility [only] when the plaintiff pleads
>factual content . . . .  <u>Id.</u> at 556. [Moreover,] the
>plausibility standard . . . asks for more than a sheer
>possibility that a defendant has acted unlawfully.
><u>Id.</u> [Indeed, even w]here a complaint pleads facts that
>are "merely consistent with" a defendant's liability,
>[the so-alleging complaint still] "stops short of
>[showing] plausibility of 'entitlement to relief.'"
><u>Id.</u> at 557 (brackets omitted). [A <u>fortiori</u>,] the tenet
>that a court must accept as true all of the
>allegations contained in a complaint is inapplicable
>to legal conclusions [or to t]hreadbare recitals of
>the elements of a cause of action, supported by mere
>conclusory statements [,<u>i.e.</u>, by] legal conclusion[s]
>couched as a factual allegation [e.g.,] the

>plaintiffs' assertion of an unlawful agreement [or]
>that [defendants] adopted a policy "'because of,' not
>merely 'in spite of,' its adverse effects upon an
>identifiable group." . . . . [W]e do not reject these
>bald allegations on the ground that they are
>unrealistic or nonsensical. . . .  It is the
>conclusory nature of [these] allegations, rather than
>their extravagantly fanciful nature, that disentitles
>them to the presumption of truth. . . . [Finally,] the
>question [of sufficiency of] pleadings does not turn .
>. . the discovery process.  <u>Twombly</u>, 550 U.S.] at 559
>. . . . . [The plaintiff] is not entitled to discovery
>[where the complaint alleges any of the elements]
>"generally," [<u>i.e.,</u> as] a conclusory allegation
>[since] Rule 8 does not [allow] pleading the bare
>elements of [the] cause of action [and] affix[ing] the
>label "general allegation" [in hope to develop facts
>through discovery].

<u>Iqbal</u>, 129 S. Ct. at 1949-54.

Here, it is self-evident that Pearson's single "somewhat factual" sentence stated in his complaint does not meed the standard set forth in <u>Iqbal</u>.  However, if read in light of Pearson's oral statements made during the Court's July 29, 2009 hearing, Pearson's single-sentence allegation appears sufficient to survive <u>sua</u> <u>sponte</u> dismissal of his complaint.

Indeed, Pearson had a protected right in being incarcerated at a place of confinement conforming to the standards set forth by the Eighth Amendment.[5]  The Constitution "does not mandate

---

[5]  It is unclear, at this point, whether Pearson was a convicted prisoner, whose claims must be assessed under the Eighth Amendment, or a pre-trial detainee, whose claims are subject to the Fourteenth Amendment test.  However, it is well established that the Eighth Amendment test sets forth the floor rather than the ceiling for the purposes of the Fourteenth Amendment analysis and, thus, the claims that appear sufficiently pled to meet the Eighth Amendment standard meet, <u>a fortiori</u>, the

comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349

(1981), but neither does it permit inhumane ones, and it is now

settled that "the treatment a prisoner receives in prison and the

conditions under which he is confined are subject to scrutiny

under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25,

31 (1993).  In its prohibition of "cruel and unusual punishments,

the Eighth Amendment . . . imposes duties on [prison] officials,

who must provide humane conditions of confinement; prison

officials . . . must take reasonable measures to guarantee the

safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527

(1984), see  Helling, 509 U.S. at 31-32; Washington v. Harper,

494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103

(1976).   The Eighth Amendment prohibits conditions which involve

the unnecessary and wanton infliction of pain or are grossly

disproportionate to the severity of the crime warranting

imprisonment.  Rhodes, 452 U.S. at 346, 347.  The cruel and

unusual punishment standard is not static, but is measured by

"the evolving standards of decency that mark the progress of a

maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v.

Dulles, 356 U.S. 86, 101 (1958)).

---

pleading standard ensuing from the language of the Fourteenth
Amendment.  "[T]he Due Process rights of a pre-trial detainee are
at least as great as the Eighth Amendment protections available
to a convicted prisoner." Reynolds v. Wagner, 128 F.3d 166, 173
(3d Cir. 1997) (citation omitted); see also Bell v. Wolfish, 441
U.S. 520, 544 (1979); City of Revere v. Massachusetts, 463 U.S.
239, 244 (1983)

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  "Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or *recommended medical treatment*," that is, the treatment recommended by another medical practitioner who attended the plaintiff on prior occasions. Rouse, 182 F.3d at 197 (emphasis supplied); see also White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

Here, Pearson alleges that he duly informed Dr. Agawar about: (a) the recommended medical treatment administered to Pearson over the years by medical practitioners at St. Francis Medical Center; and (b) the excessive fatigue that Pearson was suffering as a result of the 400-milligrams-per-day dosage prescribed by Dr. Agawar, which – allegedly – caused Pearson's hospitalization.  Thus, the Court finds that Pearson's allegations meet the plausibility standard articulated in Iqbal.

## III. APPOINTMENT OF PRO BONO COUNSEL

Here, Pearson duly applied for in forma pauperis status. Therefore, the Court will allow Pearson to proceed in this matter

8

without payment of filing fees.  The Court also has broad

discretion, under 28 U.S.C. § 1915, to appoint <u>pro</u> <u>bono</u> counsel

to represent indigent litigants, <u>see</u> <u>Parham v. Johnson</u>, 126 F.3d

454, 456-57 (3d Cir. 1997), and may grant a properly filed

application for appointment of <u>pro</u> <u>bono</u> counsel if the

plaintiff's claims have some "merit in fact and law."  <u>Montgomery</u>

<u>v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002).  As the preceding

discussion illustrates, Pearson's allegations, if true, appear to

have some merit in fact and law.

In addition, in order to appoint <u>pro</u> <u>bono</u> counsel, the Court

is required to consider the following non-exhaustive list of

factors: (1) the plaintiff's ability to present his own case; (2)

the difficulty of the particular legal issues; (3) the degree to

which factual investigation will be necessary and the ability of

the plaintiff to pursue investigation; (4) the plaintiff's

capacity to retain counsel on his own behalf; (5) the extent to

which a case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert

witnesses.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 158 (3d Cir. 1993).

In the case at bar, the legal issues do not appear

difficult.  However, it is apparent to this Court that Pearson,

being illiterate, can neither present his own case, nor conduct

even a minimal investigation necessary for prosecution of his

claims.  Moreover, it appears plausible that the matter at hand

might require expert testimony.  Finally, it appears rather evident that, financially, Pearson is not in the position to retain counsel on his own.  The Court, therefore, finds that Pearson's application for appointment of counsel satisfies the <u>Tabron</u> factors and will direct the Clerk to appoint <u>pro</u> <u>bono</u> counsel to represent Pearson in this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that <u>sua</u> <u>sponte</u> dismissal of Pearson's complaint is not warranted, and will direct the Clerk to file the complaint and appoint <u>pro</u> <u>bono</u> counsel to represent Pearson in this matter.

However, in light of the facial insufficiencies of Pearson's complaint, the Court will not direct service on Defendants; rather, the Court will grant the appointed counsel thirty days -- from the date of counsel's appointment -- to file an amended complaint, and will direct the Clerk to serve the defendants named in that amended complaint upon the counsel's timely filing.

An appropriate Order accompanies this Opinion.


_____
s/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**


Dated: